NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEMMINGWAY MUKORA SAISI, | |
| Plaintiff, | Civil Action No. 15-2021 (SRC) |
| v. | OPINION |
| JERSEY CITY POLIC DEPARTMENT, et al., | |
| Defendants. | |

**CHESLER**, District Judge

Pro se Plaintiff Hemmingway Mukora Saisi ("Plaintiff" or "Saisi") submitted a Complaint to this Court on March 19, 2015 together with an application to file his Complaint without prepayment of fees and proceed in forma pauperis. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915 and will direct that the Clerk of the Court file Plaintiff's Complaint. However, under § 1915, which governs proceedings filed in forma pauperis, the Court must examine the merits of the claims asserted and dismiss them if it determines that the action cannot or should not proceed. For the following reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

1

I.   **Background**

The Complaint asserts that a number of Plaintiff's constitutional rights were violated when he was allegedly falsely arrested and maliciously prosecuted for an unspecified offense. Saisi claims that he was deprived of a fair trial due to the fabrication and withholding of evidence and that he was not provided with a meaningful defense against the charges. Plaintiff further alleges that he was tortured while incarcerated. Moreover, according to Plaintiff, who states he is a citizen of Kenya, his arrest and other alleged wrongs committed against him were motivated by his African race and nationality. The Complaint identifies two dates as those giving rise to Plaintiff's claims: March 29, 2004 and May 9, 2008. It names a number of entities and one individual as Defendants. They are as follows: Jersey City Police Department, Hudson County Prosecutor's Office, Attorney Anthony R. Gualano, New Jersey Department of Corrections, Ann Klein Forensic Center, West Orange Police Department, Essex County Department of Corrections, Essex County Prosecutor's Office, Office of the Public Defender and the State of New Jersey. Plaintiff seeks damages in the amount of $800 million.

II.   **Discussion**

At the outset, the Court notes that because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even so, because Plaintiff proceeds in forma pauperis, the Court must review his Complaint pursuant to 28 U.S.C. § 1915(e) and dismiss the action if it determines that:

>> (A) the allegation of poverty is untrue; or
>
>> (B) the action or appeal –
>
>>> (i)   is frivolous or malicious;
>
>>> (ii)  fails to state a claim on which relief may be granted; or
>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

To evaluate whether a complaint must be dismissed under § 1915(e)(2)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff claims that Defendants' conduct violated his rights under the Fourth, Fifth, Sixth Eighth and Fourteenth Amendments to the Constitution. While not expressly asserted in the Complaint, the claim for relief arises under 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  To state a claim for relief under Section 1983, a plaintiff must allege two things: first, the violation of a right secured by the Constitution or laws of the United States; and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

      The Section 1983 claims fail for a number of reasons.

      First, the Complaint fails to meet the basic pleading standard of Federal Rule of Civil Procedure 8(a) as articulated by the Supreme Court in Iqbal and Twombly.  It asserts very few and mostly conclusory facts.  As to his arrest and imprisonment, Saisi merely states that Defendants "conspired to falsely arrest and maliciously prosecute me" and did not "provide a fair trial and meaningful defense."  While the Court must accept factual allegations as true, it need not credit conclusory statements couched as factual allegations.  Iqbal, 556 U.S. at 678 (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss under Rule 12(b)(6)).

      Second, while his claims concerning the violation of his rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments do appear to be grounded in some factual allegations, Plaintiff fails to state a sufficient Section 1983 claim for failure to name the individual(s) who allegedly committed such violations. Plaintiff states that he was beaten by "guards and inmates" while imprisoned as well as subjected to torture through the deprivation of food and water and the administration of psychotropic medications, but there is no indication of

who the allegedly responsible individuals are.  Instead, Plaintiffs names the entire New Jersey Department of Corrections and Essex County Department of Corrections as Defendants.  To state a claim for liability under § 1983, it is essential that a plaintiff allege a defendant's personal involvement in the alleged civil rights violation.  Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988) (holding that "a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.").  The same deficiency applies insofar as Plaintiff attempts to assert a claim for a denial of equal protection pursuant to the Fifth and Fourteenth Amendments by alleging that "staff" and "sheriff's guards" taunted him with racist epithets.

Third, even if the Complaint had set forth more than merely conclusory or generalized allegations of wrongdoing and had named the individuals allegedly responsible for the constitutional violations, Plaintiff fails to state which Defendant engaged in which alleged misconduct.  The Complaint lists ten defendants, as varied as the "Hudson County Prosecutor's Office," the "Office of the Public Defender – Essex County," and the "West Orange Police Department," but fails to connect any particular Defendant with any of the factual allegations.  It is insufficient to name a litany of Defendants, recite instances of wrongdoing, and allege generally that everyone involved in Saisi's arrest, prosecution and incarceration acted improperly.[1]

---

[1] The Court further notes that insofar as Plaintiff directs his claims arising out of the criminal trial against any prosecutor, the claims would be barred by prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (prosecutor has absolute judicial immunity under § 1983 where prosecutor's activities were intimately associated with judicial phase of the criminal process).

Fourth, to the extent Plaintiff's Section 1983 claims are premised on the unlawfulness of a state court criminal conviction, the claims would appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87. Plaintiff alleges that he was not given a fair trial or a meaningful defense, in violation of the Sixth Amendment, and that he was maliciously prosecuted in violation of his due process rights. There is no indication from the Complaint, however, that the conviction which resulted from this allegedly offending trial is no longer valid for one of the reasons enumerated in Heck.

Finally, the Court must note that Plaintiff's § 1983 claims would appear to be time-barred. Section 1983 claims look to state law for the statute of limitations. Wallace v. Kato, 549 U.S. 384, 387 (2007). The statute of limitations for a § 1983 claim is the limitations period applicable to personal injury actions in the State. Id. Here, the alleged misconduct occurred in New Jersey, where the statute of limitations for personal injury actions is two years. N.J.S.A. 2A:14-2; see Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). The limitations period begins to run "when the wrongful act or omission results in damages." Id. at 185-86 (quoting Wallace, 549 U.S. at 391.) Plaintiff states that the events giving rise to the claims occurred on March 29, 2004 in Jersey City and on May 9, 2008 in West Orange. The

Complaint was not submitted for filing, however, until March 19, 2015, well beyond the expiration of the two-year period, assuming the alleged misconduct occurred on the dates stated by Plaintiff in the Complaint.

### III. Conclusion

For the reasons set forth above, the Complaint fails to state any facts from which it could be inferred that Defendants are liable under 42 U.S.C. § 1983 for any of the alleged constitutional violations Plaintiffs claims he sustained. Accordingly, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order dismissing this action will be filed.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: May 29, 2015

7